IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*



ARTEZ RASHAD WOMACK,

    Plaintiff,

v.                               Case No.: GJH-19-3182

FREEDOM MORTGAGE, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Artez Rashad Womack initiated this action alleging claims of wrongful foreclosure and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendants Freedom Mortgage, BWW Law Group LLC, Charles County Circuit Court, Charles County Sheriff, Carrie M. Ward, Sharon L. Hancock, and Corporal C. Campbell # 245. ECF No. 1. On November 7, 2019, Plaintiff filed a *pro se* motion seeking a temporary restraining order ("TRO") against Defendants to stop the foreclosure of his home. ECF No. 3. For the following reasons, Plaintiff's motion is denied.

"The grant of a TRO or a preliminary injunction is an 'extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Fowler v. Wells Fargo Home Mortg., Inc.*, Case No. GJH–15–1084, 2015 WL 2342377, at *2 (D. Md. May 13, 2015) (quoting *Dewhurst v. Cty. Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011)). Federal Rule of Civil Procedure 65(b)(1) provides that the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

1

damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Additionally, a plaintiff seeking a TRO must establish "[1] that he is likely to succeed on the merits; [2] that he is likely to suffer irreparable harm in the absence of preliminary relief; [3] that the balance of equities tips in his favor; and [4] that an injunction is in the public interest." *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)).

Here, Plaintiff has not complied with the procedural requirements of Rule 65(b)(1) because he has not certified in writing any efforts that he made to give notice to Defendants and the reasons why notice should not be required. Accordingly, Plaintiff's motion for a temporary restraining order is improper under Rule 65. *See TFFI Corp. v. Williams*, Case No. AW–13–1809, 2013 WL 6145548, at *3 (D. Md. Nov. 20, 2013) (denying *ex parte* temporary restraining order for failure to comply with the procedural requirements of Fed. R. Civ. P. 65(b)(1)).

Additionally, Plaintiff has not shown a likelihood of success on the merits of his claims of wrongful foreclosure and violations of the FDCPA.[1] Plaintiff is not likely to succeed on the merits of his wrongful foreclosure claim because no such cause of action exists in Maryland. *See Littlejohn v. BWW Law Grp. & Assocs.*, Case No. PWG–14–1696, 2014 WL 6391119, at *4 (D. Md. Nov. 14, 2014) (citing *David v. Wilmington Fin., Inc.*, Case No. PJM–09–1505, 2010 WL 1375363, at *7 (D. Md. Mar. 26, 2010)). To the extent that Plaintiff asks the Court to review any state court decisions with respect to the foreclosure, this is prohibited by the Rooker-Feldman doctrine. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (affirming that under the

---

[1] Plaintiff does not clearly state his claims in the Complaint, ECF No. 1, but in the Motion for Temporary Restraining Order, he does state that he is suing Defendants for wrongful foreclosure and FDCPA violations, ECF No. 3.

2

Rooker-Feldman doctrine, federal courts may not exercise appellate jurisdiction over final state court judgments). With respect to the FDCPA claim, courts have uniformly held that the FDCPA does not authorize equitable or injunctive relief. *See Vitullo v. Mancini*, 684 F. Supp. 2d 760, 763–64 (E.D.V.A. 2010); *Nott v. Bunson*, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009); *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000) (collecting cases). Although Plaintiff may be entitled to some monetary relief if he can prove a violation of the FDCPA by some or all Defendants, he cannot obtain a TRO pursuant to that statute.

For the reasons stated, it is ordered by the United States District Court for the District of Maryland that Plaintiff's Motion for Temporary Restraining Order, ECF No. 3, is **DENIED**.

Date: <u>November 8, 2019</u>

/s/
GEORGE J. HAZEL
United States District Judge