**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **ARTEZ RASHAD WOMACK,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-19-3182 |
| | * |
| **FREEDOM MORTGAGE,** *et al.*, | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Artez Rashad Womack, proceeding *pro se*, initiated this action alleging claims of wrongful foreclosure, fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendants Freedom Mortgage, BWW Law Group LLC, Charles County Circuit Court, Charles County Sheriff, Carrie M. Ward, Sharon L. Hancock, and Corporal C. Campbell # 245. ECF No. 1. Now pending before the Court are Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 2, and Defendants' Motion to Dismiss, ECF No. 5. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Leave and Defendants' Motion to Dismiss are granted.

**I.   BACKGROUND**[1]

The following facts are either alleged in the Complaint or taken from matters of public record of which the Court may take judicial notice.[2] In 2011, Plaintiff purchased the property

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by that system.
[2] For the purposes of considering a motion to dismiss, this Court accepts the facts that Plaintiff has alleged in his complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

1

located at 5055 Ottawa Park Place, Waldorf, MD 20602 (the "Property").[3] *Womack v. Ward*, No. CV DKC 17-3634, 2018 WL 3729038, at *1 (D. Md. Aug. 6, 2018), aff'd, 755 F. App'x 262 (4th Cir. 2019). To finance the purchase of the Property, Plaintiff obtained a loan from Amerigroup Mortgage Corporation, evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust"). *Id.* After Plaintiff defaulted, Defendant Freedom Mortgage, as authorized agent of the holder of the Note secured by the Deed of Trust, initiated foreclosure proceedings on the Property. *Id.* Defendant Freedom Mortgage appointed Defendant Carrie M. Ward and additional individuals as substitute trustees under the Deed of Trust. *Id.* On December 5, 2016, the foreclosure action was docketed in the Circuit Court for Charles County, Maryland. *Id.* Upon receiving what appeared to be a reinstatement check from Plaintiff, Freedom Mortgage instructed the substitute trustees to dismiss the foreclosure action. *Id.* at *4 n.6. However, after the check was found to be invalid, the substitute trustees moved to strike dismissal and reopen the foreclosure action. *Id.* The court granted the motion, and in August 2017, the Property was sold at a foreclosure sale. *Id.* at *1. The Circuit Court ratified the sale on October 10, 2017. *Id.*

On July 27, 2017, Plaintiff commenced an action against Defendants Carrie M. Ward, BWW Law Group, and Freedom Mortgage in the Circuit Court for Charles County. *Ward et al. v, Womack*, Case No. 08C16003107; *see Womack v. Ward*, No. CV DKC 17-3634, 2018 WL 3729038, at *2. On December 7, 2017, Defendants removed the action from the Circuit Court for Charles County to the U.S. District Court for the District of Maryland based upon federal question jurisdiction. *Id.* This Court dismissed the action with prejudice on August 6, 2018. *Id.* Following an appeal, the United States Court of Appeals for the Fourth Circuit affirmed the trial court's decision on February 28, 2019. *Womack v. Ward*, 755 F. App'x 262 (4th Cir. 2019).

---

[3] Defendants assert that the property was purchased in 2009. ECF No. 5-1 at 3 n.3 (citing Deed dated November 9, 2009 and recorded in the land records of Charles County, Maryland in Book 07013, Page 0432).

On November 1, 2019, Plaintiff filed a Complaint in the U.S. District Court for the District of Maryland against various actors involved with the state court foreclosure and eviction, including the loan servicer (Freedom Mortgage), substitute trustee (Carrie M. Ward), and law firm for the substitute trustees (BWW Law Group LLC), along with Circuit Court for Charles County, Court Clerk Sharon L. Hancock, Charles County Sheriff, and Deputy Sheriff Corporal C. Campbell. ECF No. 1. On November 1, 2019, Plaintiff moved for leave to proceed *in forma pauperis*. ECF No. 2. On December 10, 2019, Defendants BWW Law Group, LLC ("BWW") and Carrie M. Ward ("Ward") (together, "Moving Defendants") moved to dismiss Plaintiff's Complaint. ECF No. 5. Plaintiff filed his Response on January 13, 2020.[4] ECF No. 8. Defendant replied on January 16, 2020. ECF No. 9.

## II.   STANDARD OF REVIEW

Moving Defendants argue Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere

---

[4] In his response, Plaintiff claims that he received notification of Defendants' Motion from the Court but did not receive the actual Motion. ECF No. 8 at 2. Defendants have attached exhibits to their Reply demonstrating that the Motion was mailed to Plaintiff's address of record and was also sent to him by email. ECF Nos. 9-1, 9-2, 9-3. Defendant also notes that Plaintiff has never reached out to them to obtain a copy, as one might expect if Plaintiff had not received it, and the Court notes that Plaintiff has not requested an extension of time to obtain and respond to the Motion. Thus, the Court considers the Motion ripe for resolution.

conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555 (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do").

Fed. R. Civ. P. 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION[5]

### A. *Res Judicata*

Defendants first argue that *res judicata* bars Plaintiff's Complaint because it attacks the foreclosure action initiated in the Circuit Court for Charles County,[6] which resulted in a final judgment on the merits in the form of the ratification of the foreclosure sale, as well as the prior action in this Court. ECF No. 5-1 at 9. The Fourth Circuit has said: "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 162 (4th Cir. 2008); *accord Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (per curiam). Here, the judgment was rendered in Maryland. "Under Maryland Law, the requirements of *res judicata* or claim preclusion are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and 3) that there was a final judgment on the merits." *Colandrea v. Wil-de Lake Cmty. Ass'n*, Inc., 361 Md. 317, 392 (2000). Notably, "[t]he elements of *res judicata* under federal law are analogous to those under Maryland law[.]" *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 108 (2005); *see also Providence Hall Assoc. Ltd. P'shp v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (outlining federal *res judicata* test). Therefore, the Court uses the same analytical framework for both the prior state and federal actions.

---

[5] The Court grants Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.

[6] The Court must give a state court judgment the same preclusive effect it would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

### 1. Parties are the Same or in Privity

First, the Court must determine whether the parties in the present action are the same or in privity with the parties to the prior suits—the foreclosure action initiated in the Circuit Court for Charles County and the prior action brought in this Court. Privity involves a person so identified in interest with another that the person represents the same legal right. *Bank of New York Mellon v. Georg*, 456 Md. 616, 659 (2017). The parties to the foreclosure action were the Plaintiff, Defendant Ward, as substitute trustee, and additional substitute trustees. In the prior federal action, the additional parties named—Defendants BWW Law Group and Freedom Mortgage—were found to be in privity with the substitute trustees, as they all shared "a mutual interest with respect to the validity of the foreclosure judgment." *Womack v. Ward*, No. CV DKC 17-3634, 2018 WL 3729038, at *3 (D. Md. Aug. 6, 2018), aff'd, 755 F. App'x 262 (4th Cir. 2019) (citing *Jones v. HSBC Bank USA*, N.A., RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011). In the present action, Plaintiff has also named Charles County Circuit Court, the Court Clerk Sharon L. Hancock, Charles County Sheriff, and Deputy Sheriff Corporal C. Campbell. The Court does not find these four additional parties are in privity with the other defendants. Therefore, the first requirement of *res judicata* is met only for Defendants Ward, BWW Law Group, and Freedom Mortgage. The Court therefore proceeds with the analysis for those three defendants.

### 2. Identical Claims

With respect to Defendants Ward, BWW Law Group, and Freedom Mortgage, Plaintiff's claims could have been brought in the prior action. In deciding whether claims are identical under the second element, Maryland courts employ the "transaction test." *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F.Supp.2d 566, 571 (D. Md. 2000). Under the transaction test, claims are

6

identical "when they arise out of the same transaction or series of transactions." *Id*. *Res judicata* bars not only matters decided in the original action but also all matters that could have been brought in the original action. *Colandrea*, 361 Md. at 392.

Here, Plaintiff alleges claims of wrongful foreclosure, fraud, and violations of the FDCPA. As in *Womack v. Ward*, "[t]he foreclosure action and present case relate to the same transaction—the Note secured by the Deed of Trust on the Property and the foreclosure action that resulted when Plaintiff defaulted." No. CV DKC 17-3634, 2018 WL 3729038, at *4 (D. Md. Aug. 6, 2018), aff'd, 755 F. App'x 262 (4th Cir. 2019). And, as in *Womack v. Ward*, Plaintiff's claims "could have been raised and determined in the foreclosure proceeding." *Id.* (citing *HSBC Bank USA*, 2011 WL 382371, at *5 (court finding that plaintiff's claim that the foreclosure was improper because the defendants submitted false and insufficient affidavits in connection with the foreclosure proceeding is a claim that clearly could have been raised in that proceeding); *Capel v. Countrywide Home Loans, Inc.*, Nos. WDQ–09–2374, WDQ–09–2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010) (court finding that plaintiff's claims of alleged defects in contract formation and that the defendants had no right to foreclosure are transactionally related and could have been raised in the foreclosure action)). Because Plaintiff could have and did not file a motion to dismiss or enjoin the foreclosure sale pursuant to Md. Rule 14-211, he could not challenge it in the prior federal action, *see Womack v. Ward*, 2018 WL 3729038, at *4, and will not be able to do so now.

### 3. Final Judgment on the Merits

Finally, *Womack v. Ward* found there was a final judgment on the merits when the Circuit Court ratified the foreclosure sale on October 10, 2017. *Id.* "The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale." *McGhee v. JP Morgan*

*Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) (citing *Capel*, 2010 WL 457534, at *4 ("When a state court finalizes a foreclosure after the 'plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property,' that adjudication is a final judgment on the merits.") (quoting *Anyanwutaku*, 85 F.Supp.2d at 572)). The effect of a final ratification of sale is *res judicata* as to the validity of the foreclosure sale, except in the case of extrinsic fraud or illegality. *Jones v. Rosenberg*, 178 Md. App. 54, 72 (2008). As this Court found in the prior federal action, "Plaintiff's allegations that Defendants filed fraudulent foreclosure documents with the court do not arise to extrinsic fraud." *Womack v. Ward*, 2018 WL 3729038, at *4. The Court is prevented from re-adjudicating issues that could have been decided by the Circuit Court for Charles County, and therefore Defendants' Motion to Dismiss will be granted with respect to Defendants Ward, BWW Law, and Freedom Mortgage based on *res judicata*.

### B. *Pleading Deficiencies*

Plaintiff's Complaint will also be dismissed because he fails to plead facts showing that he is entitled to relief.[7]

First, with respect to Plaintiff's wrongful foreclosure claim, *see* ECF No. 1 at 7; ECF No. 3 at 1, no such cause of action exists in Maryland, *see Littlejohn v. BWW Law Grp. & Assocs.*, Case No. PWG–14–1696, 2014 WL 6391119, at *4 (D. Md. Nov. 14, 2014) (citing *David v. Wilmington Fin., Inc.*, Case No. PJM–09–1505, 2010 WL 1375363, at *7 (D. Md. Mar. 26,

---

[7] While only Defendants Ward and BWW Law brought the pending Motion to Dismiss, Plaintiff's Complaint will be dismissed as to all Defendants, as the Court finds the Complaint is "legally or factually baseless," *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996), such that the Court is "satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Cochran*, 73 F.3d at 1316 ("The statutory language [of § 1915(d)] dictates a high degree of deference to the discretion of district courts."). The screening provisions of 28 U.S.C. § 1915 (e)(2)(B) apply to all *in forma pauperis* complaints, not simply those filed by prisoners. *See, e.g.*, *Atamian v. Burns*, 236 Fed. Appx. 753, 755 (3rd Cir. 2007); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

2010)). Moreover, to the extent Plaintiff is asking the Court to review and reverse the state court's decision with respect to foreclosure, this is prohibited by the *Rooker-Feldman* doctrine, under which federal courts may not exercise appellate jurisdiction over final state court judgments. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Therefore, Plaintiff's wrongful foreclosure claim fails.

Regarding Plaintiff's claims of FDCPA violations, he must allege that (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Stewart v. Bierman*, 859 F.Supp.2d 754, 759 (D. Md. 2012). Plaintiff does not allege that any of the Defendants are debt collectors for purposes of the FDCPA nor that Defendants engaged in an act prohibited by the FDCPA. ECF No. 1 at 7. Plaintiff also does not specify which Defendants committed the unspecified FDCPA violations. *See id.* Instead, Plaintiff states only that his mortgage was satisfied but that he has nevertheless been removed from his property. *Id.* This allegation does not satisfy the pleading standard of Federal Rule of Civil Procedure 8(a). Additionally, "[a]n action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). But Plaintiff does not allege any actions by Defendants more recent than the foreclosure on the Property, which concluded in 2017. Plaintiff's Complaint was therefore filed well past the statute of limitations under the FDCPA. Accordingly, Plaintiff cannot state a claim for FDCPA violations against any Defendant.

To the extent that Plaintiff also alleges fraud and a conspiracy among Defendants to seize the property, Plaintiff has likewise failed to allege sufficient facts to support his claim through the pleading stage. To make out a claim of fraud, a plaintiff must show (1) that the defendant

made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *Sass v. Andrew*, 152 Md. App. 406, 429 (2003). Plaintiff appears to specifically contest "3 or 4 false writs of possession" issued by the Circuit Court for Charles County that are signed by the court clerk rather than the judge and do not have an official court seal with an attached affidavit. ECF No. 1 at 7. He does not allege that this was a misrepresentation upon which he relied and that he suffered damage as a result. Therefore, Plaintiff's assertions will not satisfy the pleading standard of Rule 8(a)—much less the heightened pleading standard for allegations of fraud under Rule 9(b).

Finally, Plaintiff appears to allege that a statute of limitations has expired with respect to his debt, ECF No. 1 at 7, but "there is no Statute of Limitations in Maryland applicable to foreclosure of mortgages," *Cunningham v. Davidoff*, 188 Md. 437, 444 (1947); *Brooks v. Cama Self Directed IRA, LLC*, 2019 WL 418412, *6 (D. Md. Jan. 31, 2019); *Ahmed v. Bank of New York Mellon*, 2019 WL 2330051, *2 (D. Md. May 31, 2019). This claim thus also fails.

Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Plaintiff's claims can be alternatively dismissed on 12(b)(6) grounds as to all Defendants.[8]

---

[8] Even were the Court to find Plaintiff had stated claims upon which relief could be granted, his claims would nevertheless be barred against the remaining defendants, warranting dismissal. *See* 28 U.S.C. § 1915(d). Absolute quasi-judicial immunity bars Plaintiff's suit against Court Clerk Sharon L. Hancock, Charles County Sheriff, and Deputy Sheriff Corporal C. Campbell, as they were acting as "arm[s] of the judicial officer who is immune" when they participated in the foreclosure. *Kendrick v. Cavanaugh*, No. CCB-10-2207, 2011 WL 2837910, at *4 (D. Md. July 14, 2011)); *see also Okere v. High*, No. CV DKC 16-2152, 2016 WL 7405434, at *1 (D. Md. Dec. 22, 2016), aff'd, 684 F. App'x 290 (4th Cir. 2017) (dismissing claim against Prince George's County Sheriff who executed or "was responsible for" the execution of a writ of possession issued by the Circuit Court for Prince George's County in the course of foreclosure proceedings). Dismissal would also be appropriate as to Defendant Charles County Circuit Court under the Eleventh Amendment. *See Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472–73 (1987); *Kaimowitz v. The Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh

### C. *Dismissal with Prejudice*

Although Plaintiff has not requested leave to amend, Defendants request that should their motion to dismiss be granted, leave to amend should be denied. ECF No. 5-1 at 16. Fed. R. Civ. P. 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC,* 634 F.3d 754, 769 (4th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Jarallah v. Thompson,* 123 F.Supp.3d 719, 728 (D. Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

This is Plaintiff's second complaint filed in this Court regarding the same state court action. It has already been dismissed with prejudice once, and now must be dismissed with prejudice a second time, as "an additional amendment would not be fruitful and, moreover, would be barred by *res judicata.*" *Womack v. Ward*, No. CV DKC 17-3634, 2018 WL 3729038, at *7 (D. Md. Aug. 6, 2018), aff'd, 755 F. App'x 262 (4th Cir. 2019); *see also Littlejohn v. BWW Law Grp. & Assocs.*, No. PWG-14-1696, 2014 WL 6391119, at *7 (D. Md. Nov. 14, 2014) ("Because Littlejohn has not set forth any potentially valid claim that is not time-barred and there is no indication that he could do so, there is no need to allow these claims to move past the pleading stage.").

---

Amendment prohibits actions against state courts and state bars."). Alternatively, dismissal would be appropriate as to Charles County Circuit Court because it cannot be considered to fall within the definition of a "debt collector" under the FDCPA, and dismissing the FDCPA claim against it would leave only pendant state claims remaining in this action, which should therefore be dismissed. 28 U.S.C. § 1367(c).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave and Defendants' Motion to Dismiss are granted. A separate Order follows.

Dated: October 21, 2020                                    /s/_____
                                                                                                                 GEORGE J. HAZEL
                                                                                                                 United States District Judge